UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY AMOS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|   v. ) | CASE NO.: 1:11-cv-01627-DML-SEB |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security, ) | |
| Administration, ) | |
| ) | |
|     Defendant. ) | |

## Decision on Judicial Review

Plaintiff Larry Amos applied on November 20, 2007, for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, alleging that he has been disabled since May 7, 2007.  Acting for the Commissioner of the Social Security Administration following a hearing on March 29, 2010, an administrative law judge ("ALJ") found that Mr. Amos is not disabled because he is capable of performing his past relevant work as a circuit board inspector.  The national Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision for the Commissioner final.  Mr. Amos filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.  The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Mr. Amos contends that the ALJ's determination of his residual functional capacity is not supported by substantial evidence because the ALJ (a) did not give

controlling weight to an opinion expressed by Mr. Amos's treating physician; (b) placed undue weight on Mr. Amos's daily living activities and overstated the physical intensity of those activities; and (c) improperly assessed the credibility of Mr. Amos's views of his functional limits.

For the reasons discussed below, the court finds that the ALJ's determination is based on a reasonable evaluation of the evidence in the record, which this court may not disturb under the appropriate standard of review.  Accordingly, the Commissioner's decision is AFFIRMED.

## Standard for Proving Disability

To prove disability, a claimant must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Mr. Amos is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A).  The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability.  20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled.  Step two asks whether the claimant's

impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to all the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

    If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his age, work experience, and education (which are not considered at step four),[1] and his RFC; if so, then he is not disabled.

---

[1] The ALJ decided at step four that Mr. Amos is capable of performing his past relevant work. Thus, she did not consider—and was not required to consider—Mr. Amos's lack of education and his illiteracy in deciding whether he is disabled. Mr. Amos notes that his illiteracy undoubtedly will limit his job prospects and he testified that he has not looked for a job because he believes his inability to read will

3

The claimant bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

### Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001). "Because the Commissioner is responsible for weighing the evidence, resolving conflicts, and making independent findings of fact, [a] Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled." *Butera v. Apfel,* 173 F.3d 1049, 1055 (7th Cir. 1999) (internal citation omitted).

---

prevent his hiring. These issues, unfortunately, are irrelevant at step four. *See Barnhart v. Thomas,* 540 U.S. 20 (2003) (SSA determination that claimant may be found not disabled if he is physically and mentally able to perform past work without regard to whether that or any other work is available was reasonable interpretation of statute and entitled to deference).

The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability.  *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004).  If an ALJ concludes that benefits should be denied, she must have first built an accurate, logical bridge between the evidence and her conclusion.  *Berger v. Astrue,* 516 F.3d 539, 544 (7th Cir. 2008).   The ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that detracts from the conclusions she made, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions.  *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### I.     The ALJ's Sequential Findings

Mr. Amos was born in April 1951, was 56 years old as of his alleged onset date of disability, and was 59 years old at the time of the ALJ's decision.  He had worked for about 28 years at United Technology in Huntington, Indiana, most recently as a printed circuit board inspector, which—based on the vocational expert's testimony—was light and semi-skilled work as Mr. Amos actually performed it.

At step one, the ALJ determined that Mr. Amos had not engaged in substantial gainful activity since May 2, 2007, his alleged onset date of disability.  On that date he was fired from his job because he refused to perform a task he believed he could not do.  The ALJ classified his firing as insubordination and not

5

the "result of an allegedly disabling impairment," and Mr. Amos does not challenge that characterization.  At step two, the ALJ identified degenerative disc disease and a history of colon polyps as severe impairments but found that Mr. Amos's benign prostate enlargement and mental impairments of panic attacks and dysthymic disorder were not severe.  At step three, the ALJ evaluated Mr. Amos's severe impairments against listing 1.04 (disorders of the spine) but found that criteria under the listing were not met.  As to Mr. Amos's residual functional capacity (RFC), the ALJ decided that he has the RFC to perform work at a medium level of exertion although he can stoop, and climb ramps and stairs only occasionally.  She rejected the opinion of Mr. Amos's treating physician that Mr. Amos did not even have the capacity to perform at a sedentary level of work.  At step four, the ALJ decided that Mr. Amos is capable of performing his past relevant work as a printed circuit board inspector.  Accordingly, the ALJ found that Mr. Amos is not disabled, without the need to reach step five.

## II.   Mr. Amos's Assertions of Error

Mr. Amos asserts that the ALJ's decision is erroneous because she did not give controlling weight to the view of Dr. Gregory Spangler, a treating physician, that Mr. Amos's physical and mental impairments prevent even sedentary work, and because in formulating the RFC, the ALJ placed undue weight on Mr. Amos's daily living activities and improperly discounted his credibility.

### III. The ALJ's evaluation of Dr. Spangler's opinion is supported by substantial evidence.

The weight that an ALJ gives to medical opinions is guided by factors described in 20 C.F.R. § 404.1527(b)(2). A medical opinion by a treating physician or other acceptable treating medical source about the nature and severity of a claimant's impairments, including any mental and physical restrictions, is entitled to "controlling weight" if it is well supported by medically acceptable techniques and is not inconsistent with other substantial evidence. *Id.* § 404.1527(d)(2). *Johansen v. Barnhart,* 314 F.3d 283, 287 (7th Cir. 2002) ("[T]reating physician's opinion is entitled to controlling weight only if it is not inconsistent with other substantial evidence in the record."). If an ALJ determines it is not entitled to controlling weight, she weighs its value by considering the degree to which it (a) is supported by relevant evidence and explanations; (b) considered all evidence pertinent to the claimant's claim; (c) is consistent with the record as a whole; and (d) is supported or contradicted by any other factors. *Id.* § 404.1527(d)(3)-(6). The physician's field of specialty and the nature and extent of her treatment relationship with the claimant are also considered. *Id.* § 404.1527(d)(1), (2), and (5).

The ALJ evaluated the opinion of Dr. Gregory Spangler, Mr. Amos's treating physician, in light of these factors. Dr. Spangler was Mr. Amos's family physician. He completed a "Residual Functional Capacity Questionnaire," stating (a) that Mr. Amos suffers from back pain, neck pain, arm pain, panic attacks, and fatigue; (b) that pain is present all the time, panic attacks occur 2 or 3 times per week, and (c) that fatigue is constant. (R. 289). Among other things, Dr. Spangler opined that in

7

an eight hour work day, Mr. Amos can sit only one hour at a time and four hours in the work day, can stand 30 minutes at a time and less than two hours in the work day, needs to walk around for 10 minutes every hour, needs an unscheduled 5-10 minute break from working two to three times every hour, and is likely to miss more than four days of work every month because of his impairments. (R. 291-92 and 293). He also stated that Mr. Amos can never lift anything that is 10 pounds or heavier, only rarely lift anything less than 10 pounds, and only rarely twist, stoop, or climb. (R. 292). Also, according to Dr. Spangler, Mr. Amos has significant limitations in repetitively reaching, handling, or fingering—that he is not capable of grasping, turning, or twisting objects with his hands, or fine finger manipulations, more than 25% of a work day. (R. 292-93).

      The ALJ determined that Dr. Spangler's opinion was not entitled to controlling weight and, indeed, was not entitled to much weight at all. She explained that Dr. Spangler apparently accepted uncritically and relied quite heavily on Mr. Amos's reports of his functional limits. The ALJ found that the objective medical evidence did not support the extreme limits Dr. Spangler noted and were even contradicted by some of Dr. Spangler's own evaluations of Mr. Amos. Mr. Amos's back impairments indicated the same level of severity over time, including both before and after his alleged onset date. Those impairments, including those revealed by December 2006 x-rays of the lumbar spine, had not prevented Mr. Amos from working before, and he worked up to May 2007 when he was fired, but not "as a result of an allegedly disabling impairment." (R. 23). Thus,

Dr. Spangler's views could not be squared with the actual physical activity that Mr. Amos had performed at work on a sustained basis for years.

The ALJ also contrasted Dr. Spangler's statement of significant limits on Mr. Amos's gross and fine finger manipulation abilities with the findings of the consultative examiner who examined Mr. Amos and reported that he could "grasp, lift, carry, and manipulate objects in both hands," perform repeated movements with his feet, bend and squat normally, and stand and walk normally. Even Dr. Spangler, the ALJ noted, had described Mr. Amos after an examination in January 2010 as having normal range of motion, normal strength, good stability, and no joint tenderness. (R. 23).

The very severe limitations on Mr. Amos's functioning described by Dr. Spangler were also inconsistent with Mr. Amos's reports of his daily functioning, or at least it was reasonable that the ALJ came to that conclusion. Mr. Amos justifiably complains that the ALJ described his daily living activities in terms suggestive of better functioning than Mr. Amos had described in his testimony.[2] But Mr. Amos's actual daily living activities do reflect physical abilities that detract from the reliability of Dr. Spangler's opinion. It was Mr. Amos who told the consultative examiner that he can attend to his own hygiene, bathes, dresses and grooms himself, that he cooks three to four times a week, that he helps do the

---

[2] For example, the ALJ said that Mr. Amos could prepare complete meals when Mr. Amos's wife said he cooks meals once in a while in the crockpot or makes simple things like instant mashed potatoes. The ALJ noted that Mr. Amos uses a riding lawn mower, but ignored Mr. Amos's testimony that he takes breaks while he does so because of back pain.

laundry, and that the only reason he does not help with housecleaning is because he's "too lazy."

The ALJ also explained that the weight of Dr. Spangler's opinion was affected by the fact that he is not a specialist, and that Mr. Amos had not seen a back specialist since at least 2003.[3]

In short, the ALJ's determination that Dr. Spangler's opinion was not entitled to controlling weight, and was worthy of little weight at all, was made in accordance with applicable SSA regulations and is supported by substantial evidence. *Ketelboeter v. Astrue,* 550 F.3d 620, 625 (7th Cir. 2008) ("If the treating physician's opinion is inconsistent with the consulting physician's opinion, internally inconsistent, or based solely on the patient's subjective complaints, the ALJ may discount it."); *Elder v. Astrue,* 529 F.3d 408, 416 (7th Cir. 2008) (discounting a physician's opinion on a matter about which he is not a specialist is sound).

IV. **The ALJ's assessment of Mr. Amos's credibility is not "patently wrong."**

An ALJ is required to consider a claimant's statements about his symptoms and his impairments and how they affect his daily life and ability to work, but she is not required blindly to accept those statements. *Rucker v. Chater,* 92 F.3d 492, 496 (7th Cir. 1996) (ALJ not required to give full credit to every statement of pain or

---

[3] Mr. Amos suggests that he had not seen a back specialist because of financial issues. However, he had medical insurance while employed up through at least May 2007. Thus, it was not inappropriate for the ALJ to question the credibility of Mr. Amos's functional limits when they apparently did not require examination or treatment by a specialist since 2003.

find a claimant disabled because he does not think he can work). Here, the ALJ considered whether and the extent to which Mr. Amos's descriptions of the limiting effects of his impairments were worthy of credence. Her assessment of Mr. Amos's credibility is entitled to special deference from the court and is not a ground for reversal and remand unless it was "patently wrong." *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2008) (because ALJ is in best position to evaluate a claimant's credibility, ALJ's credibility determination is reviewed deferentially and will not be set aside unless it is "patently wrong").

Social Security Regulation 96-7p describes the appropriate process for evaluating credibility and requires an ALJ to consider a claimant's subjective complaints in light of the relevant objective medical evidence, as well as any other pertinent evidence regarding the claimant's daily activities, the severity and intensity of the claimant's symptoms, precipitating and aggravating factors, medication, treatment, and other measures to relieve the person's symptoms and their efficacy and side-effects, and any other factors relevant to functional limitations due to pain or other symptoms. *See also* 20 C.F.R. § 404.1529(c)(3). It is not necessary that the ALJ recite findings on every factor, but the ALJ must give reasons for the weight given to the claimant's statements so that the claimant and subsequent reviewers have a fair sense of how the claimant's testimony was assessed. *Brindisi v. Barnhart,* 315 F.3d 783, 787-88 (7th Cir. 2003) (ALJ must comply with SSR 96-7p in making a credibility determination by articulating the reasons behind the determination).

Here, the ALJ addressed every factor and explained that she did not accept Mr. Amos's assertions that pain from his back impairment, or limits because of depression or panic attacks, prevented him from jobs requiring a medium level of exertion or from performing his past relevant work, which required exertion at a light level.  In examining the objective medical record, the ALJ stressed again that the medical record did not show significant deterioration over time, and Mr. Amos had been able to perform his work:  "The fact that the impairments did not prevent the claimant from working at that time strongly suggests that it would not currently prevent work." (R. 23).  Although Mr. Amos asserts that he obviously has gotten worse over time and as he has aged, he does not cite to any medical evidence documenting that deterioration or refuting the ALJ's conclusion that the most recent x-rays of his back were taken months before he stopped working and thus did not reflect an impairment preventing that work.  Although the ALJ described Mr. Amos's daily living activities in a light supportive of a higher level of functioning than Mr. Amos described, it was not unreasonable for her to conclude that Mr. Amos's ability to function as a participating member of a household on a daily basis undermined his insistence that he is not even physically capable of performing even sedentary work, has trouble grasping or pushing or pulling things, and cannot work for more than 15 or 20 minutes without needing a break.[4]  The ALJ discussed Mr.

---

[4]    The ALJ did not, as Mr. Amos suggests, equate his daily living activities with medium-level, 40-hours a week work.  Rather, she discussed his daily living activities in two facets of her decision.  First, she addressed whether and how his alleged mental impairments (panic attacks and depression) interfered with or affected daily living.  (R. 20).  Second, she examined them in light of and in contrast

12

Amos's medication regimen and the fact that they have been effective in controlling his pain symptoms without limiting his functioning. She noted that although he complained that Oxycontin did not relieve his pain, the record showed that different medications were prescribed and he had not complained that they were ineffective. She also noted that Mr. Amos said he used a heating pad or TENS unit two or three times per month to relieve pain, which suggested that conservative, periodic treatment was all that was necessary. She contrasted Mr. Amos's complaint that his pain prevented sleeping with the statement recorded by his doctor in the medical records that he slept fine.

In sum, the court is unable to conclude that the ALJ's assessment of Mr. Amos's credibility was patently wrong.

## Conclusion

The ALJ's decisions to discount the opinion of Mr. Amos's treating physician and to disbelieve Mr. Amos's descriptions of the limiting effects of his impairments applied the correct standards and are supported by substantial evidence. The Commissioner's decision finding that Mr. Amos was not disabled is AFFIRMED.

So ORDERED.

Date: 03/13/2013

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

---

with Mr. Amos's suggestion that his pain debilitated him from working. (R. 22-23). The ALJ's determination of Mr. Amos's RFC appears to have principally relied (though not solely) on the objective medical evidence and its relative stability over time, with Mr. Amos's demonstrated ability to work, and the opinion of the state agency doctors regarding his ability to perform medium level work.

**Distribution:**

**All ECF-registered counsel of record via email generated by the court's ECF system**